## WILHITE v. BARR, *Appellant.*

1. **County Plat**; EVIDENCE. A county plat to which is appended a certificate in these words: "U. S. Land Office, Springfield, Mo. I hereby certify that the within plat is a correct abstract of the records in this office. J. S. W., Register," is properly certified within the meaning of § 11, p. 591, Wag. Stat., and is receivable in evidence.

2. ————: ————. When an entry has been properly made and certified on a county plat by a United States Register of Lands, the fact that he subsequently makes other entries on the same plat will not affect the validity of the first."

*Appeal from Polk Circuit Court.*—HON. R. W. FYAN, Judge.

*Waldo P. Johnson* for appellant.

I. What is claimed to be a certificate of the register in this case, is insufficient for many reasons. 1. John E. Waddill does not certify that he was at that time register of the land office at Springfield, nor was any evidence offered to show that he was. 2. The certificate does not state that, that to which it is attached, is a copy of any entry or memoranda, on any books of the office of any register. 3. But it does say, that the within plat, not plats, is a correct abstract of the records in this office, which negatives the idea, that it is a copy or even an extract from the records. 4. It only pretends that the within plat is a correct abstract of the records in the office, and does not pretend to certify that the county plats of Polk county were correct as shown by the records of his office. 5. Admit some one of the plats to be correct as certified, then which one, as it was the county plats of Polk county, which were offered and read in evidence, and the so-called certificate, defective as it was, only embraced one plat.

II. The plats had been changed; entries were placed thereon after they were first made, and after the attempt made to certify them. Title to real estate would not be safe, if it could be affected by such evidence.

*Joseph B. Upton* for respondent.

I. The term "plat" is the well known name of a book containing a sectionized map of a county, together with the name of the original enterer of each tract of land embraced therein, and the date of such entry. The term "abstract," as used in said certificate, is equivalent to, and synonymous with "copy," or "exemplification." Appellant urges that Waddill should have certified that he was register. Suppose he had so certified: This last certificate would have required a like authentication, and so on *ad infinitum.* The certificate refers to the whole book, and is a part of the book. The whole book constitutes one "plat," and is certified to be a correct abstract (or copy) of the records in the land office.

II. The validity of the record entry cannot be impaired by other entries being made on such record, provided the entry in question remain intact. This entry was proven to have been on the record when certified by the Register, and could not be affected by other entries being made. Further, the evidence shows no mutilation or spoliation, but simply that additional entries were made, and that, too, by the custodian of the record. In the absence of evidence to the contrary, the law will presume that entries made in a record by the custodian thereof are right and proper. This plat book was a public record of Polk county, and it was the duty of the custodian to make new entries therein. Whenever the officers of the United States Land Office notified him that patents had been issued for any land in Polk county, it was such custodian's duty to note such fact on the plat book, and these are the "changes" of which the appellant complains.

SHERWOOD, C. J.—Plaintiff sued in ejectment for lands in Polk county and had judgment. The only allegation of error is the admission of the county plat of Polk coun-

ty to establish who entered the land from the United States Government. This evidence was objected to for *two* reasons *only:* 1. That it was not properly certified. 2. That it had been changed since certified. The certificate is in these words:

UNITED STATES LAND OFFICE, }
    SPRINGFIELD, Mo., August 10, 1868. }
    " I certify that the within plat is a correct abstract of the records in this office."

JOHN S. WADDILL, Register.

I.    Section 11, p. 591, 1 Wag. Stat., provides: " Copies of any entry or entries or memoranda, made on the books of the office of any register or receiver of any United States land office certified by the said register or receiver to be correct, shall be received in evidence in the trial of any cause in any of the courts of this State." It is evident that the register in his certificate used the word " abstract" in the sense of " copy." While it is true that the certificate might have been more formal, yet we do not regard it as insufficient. (*McClure v. McClurg*, 53 Mo. 173.) And the manner in which the certificate is signed, sufficiently shows that Waddill was register, and signed the certificate in that capacity. No objection was made at the trial that no evidence was offered to show that Waddill was register at the time he made the certificate; any objection on that score will therefore be presumed to have been waived and cannot be raised here.

II.    Relative to the second ground of objection, the addition to the plat of other entries after the entry of the premises in question had been properly made and certified, can, by no possibility effect the validity of such entry. We therefore affirm the judgment. All concur.

AFFIRMED.