PAYNE, *Appellant*, v. LOTT *et al.*

1. **Taxes, Action to Enforce Lien for:** STATUTE. The require-
ment of the statute, that a suit to enforce a lien on land for taxes
must be brought against the owner thereof, is fulfilled by bringing
suit against the person who appears from the record of deeds to be
the owner, in the absence of notice of the fact that such person
was not the true owner, but had parted with his title by conveying
it to another.

2. ———: PURCHASER AT TAX SALE: NOTICE. A purchaser under a
judgment for taxes against the person appearing from the registry
of deeds to be the owner of the land, in the absence of notice to
the contrary, will be protected in his purchase against the holder
of an unrecorded deed from such apparent owner.

3. ———: APPARENT OWNER: PLAT BOOK. A collector charged with
the duty of suing the owner of land for delinquent taxes thereon
may resort to the plat book of the lands of his county, on file in
the county clerk's office, duly certified by the register of the United
States land office, as well as to the registry of deeds, for the pur-
pose of ascertaining who is the apparent owner of such land.

4. ———: JURISDICTION: PUBLICATION. In an action for back taxes,
the allegation contained in the petition, that the delinquent land-
owner is a non-resident of the state, authorizes the clerk to issue
an order of publication, and when issued, published and proved,
the court has jurisdiction to proceed to judgment in the case, and
the sale made under it is valid and binding as to the defendant and
his grantees, where the purchaser at the sale had no notice of the
fact that the defendant was a resident of the state, or had
conveyed the land to another previous to the institution of the tax
suit.

*Appeal from Putnam Circuit Court.*—HON. ANDREW
ELLISON, Judge.

AFFIRMED.

*A. W. Mullins* and *J. M. Swallow* for appellant.

(1) The defendant in the back tax case was, when

suit was brought, a resident of the state, and, if it be held that suit was rightly brought against him, the court did not acquire jurisdiction by the order of publication. Laws 1877, p. 384, sec. 6; 2 W. S. p. 1009, secs. 13, 14, 17. In order to render a valid judgment, the court in such cases must have jurisdiction both of the subject matter of the suit and of the defendant therein. Jurisdiction can never be acquired, except in case of consent, unless by a method which the law specifically provides. *Cloud v. Pierce City*, 86 Mo. 357; *State ex rel. v. St. Louis*, 1 Mo. App. 503; *Eager v. Stover*, 59 Mo. 87; *Smith v. Rose*, 7 Mo. 463; *Sanders v. Rains*, 10 Mo. 770; *Hewitt v. Weatherby*, 57 Mo. 276; *Fithian v. Monks*, 43 Mo. 502; *Thompson v. Whitman*, 18 Wall. 457; *Earle v. McVeigh*, 91 U. S. 503; *Ferguson v. Crawford*, 70 N. Y. 253; *Starbuck v. Murray*, 5 Wend. 148; *Pomeroy v. Betts*, 31 Mo. 419; *Marx v. Fore*, 51 Mo. 69. (2) A judgment without notice to the defendant is void. And the defendant can be brought before the court, unless by consent, only in the mode and manner provided by the statute; and, if the statute be not strictly complied with, the proceeding to acquire jurisdiction over the defendant will be wholly unavailing. Authorities *supra;* Freeman on Judg., sec. 127; *Golahan v. Gates*, 20 Mo. 236. (3) The judgment in the back tax case being invalid, the subsequent proceedings, including the sale of the land and execution of the deed by the sheriff to the defendant, Mrs. Lott, did not vest in her the title to the land. Freeman on Judg., sec. 117; Freeman on Executions, sec. 20, and authorities there cited. (4) The back tax suit was not prosecuted "against the owner of the property," as required by the act of 1877. Session Acts 1877, p. 384, sec. 6. Nor was it prosecuted against the owner apparent upon the records in the recorder's office of Putnam county. The plat of lands, including the land in question, offered by the defendants and admitted in evidence by the

court, was not a record within the meaning of the registry law, and was improperly admitted for the purpose offered, to show that Rucker was the record owner of the land when the tax suit was brought. The cases of *Vance v. Corrigan,* 78 Mo. 94; *State ex rel. Hunt v. Sack,* 79 Mo. 661; *Watt v. Donnell,* 80 Mo. 195, and *Cowell v. Gray,* 85 Mo. 169, are not opposed to the view of the law here insisted on. These cases decide that it is sufficient if "suit be brought against the person appearing by the registry of deeds to be the owner, in the absence of notice to the contrary." (5) The judgment and the sheriff's deed, under which the defendant, Mrs. Lott, claims title, being upon their face apparently regular and sufficient to vest the title in her, but the said judgment being, in fact, invalid, because of the facts shown in proof, the plaintiff was entitled to the relief prayed for, and the court is asked to reverse the judgment of the circuit court and render such judgment as that court should have rendered under the pleadings and proofs in the cause. *Mason v. Black,* 87 Mo. 329, 344, 348; *Eck v. Hatcher,* 58 Mo. 325, 341; *Pettit v. Shepherd,* 5 Paige Ch. 493; *VanDoren v. The Mayor, etc., of New York,* 9 Paige Ch. 388; 2 Story's Eq. [7 Ed.] sec. 700; *Peirsoll v. Elliott,* 6 Pet. U. S. 95.

*S. P. Huston* for respondents.

(1) The suit for taxes was properly brought against John Rucker. He entered the land, and his name and date of entry appeared endorsed on the plat of the land in the plat book of Putnam county, duly certified by the register of the United States land office at Boonville. R. S. 1879, p. 1314, sec. 6697, and following sections. This was a certified copy of entries appearing of record in the office of register of lands, and evidence of such entries under section 2281, Revised Statutes of 1879. *Wilhite v. Burr,* 67 Mo. 284; *Vance v. Corrigan,*

78 Mo. 94; *Cowell v. Gray*, 85 Mo. 170. (2) The circuit court of Putnam county had jurisdiction to render the judgment for taxes. The petition alleged "that the defendant was a non-resident of the state." The language of the statute has remained unchanged since the enactment of the statute of 1865. R. S. 1879, p. 597, sec. 3494. It makes the allegation of non-residence—not the existence of the fact of non-residence—the authority to make the order of publication, and no affidavit is required when the allegation, as in this case, is made in the petition. "If the plaintiff, or other person for him, shall allege in his petition, or file an affidavit stating that part or all of the defendants are non-residents of the state, or have absconded or absented themselves from their usual places of abode in this state, or that they have concealed themselves so that ordinary process of law cannot be served on them," the court, or, in vacation, the clerk shall make an order.

NORTON, C. J.—It appears from the record in this case that, in 1858, one John Rucker entered the west half of the southeast quarter, section 29, township 67, range 19, in Putnam county, as shown by the plat book of said county, duly certified to by the register of the land office at Boonville ; that in January, 1878, the state, at the relation of the collector of said county, instituted suit against said Rucker in the circuit court of said county, to enforce the lien of the state on said land for delinquent taxes assessed against it, running back to 1867, and up to and including 1876 ; that it is alleged in said petition, which was not sworn to, that said John Rucker was a non-resident of the state ; that the clerk of said court, in vacation, issued an order of publication of notice, which was duly published, and upon which, at the March term, 1878, of said court, judgment by default was rendered, under which the land was sold in September, 1878, to defendant, Melvina I. Lott ( then Carson ),

who received a sheriff's deed therefor, and filed it for record on the eleventh of September, 1878. It is this deed which this suit is brought to set aside.

On the trial plaintiff put in evidence a deed from said Rucker, for the land in question, to one John C. Hutchinson, dated April 17, 1858, but not filed for record till the fourth of February, 1881; also a deed from said Hutchinson to plaintiff, dated January 12, 1881, and recorded February 4, 1881. Plaintiff also put in evidence the deposition of said Rucker, who testified that he was born in the state and had always lived in it; that he moved to Andrew county, Missouri, in 1861, where he has ever since resided. Plaintiff also put in evidence the record in the suit of the *State v. Rucker*, in which, among other things, it is recited as follows: "Now, at this day, to-wit: March 29, 1878, comes the plaintiff, by attorney, but the defendant, although having been notified of the commencement of this action by publication made in this cause, and being three times solemnly called, comes not, nor makes answer in this cause, but makes default," etc.

Defendants put in evidence the plat book of the lands in Putnam county, duly certified by the register of the United States land office at Boonville, on which the name of John Rucker was written on the plat of the land in question and date of entry. The trial court rendered judgment for the defendant, from which plaintiff has appealed, and the first ground relied upon to sustain the appeal is, that Rucker, against whom the suit to enforce the lien for taxes was entered, was not the owner of the land at the time the suit was instituted.

It was held in the case of *Vance v. Corrigan*, 78 Mo. 94, that the requirement of the law, that a suit to enforce a lien on land for taxes must be brought against the owner thereof, was met and fulfilled by bringing the suit against the person who appeared from the record of deeds to be the owner, in the absence of notice of the

fact that such person was not the true owner, but had parted with his title by conveying it to another. This case has been followed in the cases of *State ex rel. v. Sack*, 79 Mo. 661 ; *Watt v. Donnell*, 80 Mo. 195; *Cowell v. Gray*, 85 Mo. 169. It is further held in the case of *Vance v. Corrigan*, *supra*, that a purchaser under a judgment rendered in a suit brought, in the absence of notice or knowledge to the contrary, against the person appearing from the registry of deeds to be the owner, would be protected in his purchase against the holder of an unrecorded deed from such apparent owner.

It is, however, contended by counsel that the case before us does not fall within the principle announced in the above cited cases, inasmuch as the apparent ownership of Rucker was not made to appear from the registry of deeds in Putnam county, but from the plat book of the lands of said county on file in the county clerk's office, duly certified to by the register of the United States land office. In the case of *Wilhite v. Barr*, 67 Mo. 286, it is held that such a plat book so certified and on file in the county clerk's office was receivable in an ejectment suit to show title in plaintiff. If receivable in evidence for the purpose of establishing ownership, we are unable to perceive why a collector, charged with the duty of suing the owner of land for delinquent taxes thereon, may not resort to such plat book as well as to the registry of deeds for the purpose of ascertaining who is the apparent owner of such land, especially so in view of Revised Statutes, sections 6697, 6703, inclusive, under which it is made the duty of the county courts to procure such plat books and keep them on file in the respective county clerks' offices, in order that resort may be had to them in ascertaining which lands are subject to taxation.

The next point made is, that although it was alleged in the petition in the suit against Rucker that he was a non-resident of the state, and although it appears that

on filing such petition the clerk in vacation made an order of publication of notice which was duly published and publication proved, that the court did not thereby acquire jurisdiction over said Rucker, as it appeared *de hors* the record that he was in fact a resident of the state at the time suit was brought, and living in Andrew county, and always had been a resident of the state. It is provided by section 6837, of the revenue law, as follows : " All notices and process in suits under this chapter shall be sued out and served in the same manner as in civil actions in circuit courts ; and in case of suits against non-resident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. In all suits under this chapter the general laws of the state as to practice and proceedings in civil cases shall apply, so far as applicable, and not contrary to this chapter." And it is provided by Revised Statutes, section 3494, as follows : " In suits  *  *  *  for the enforcement of mechanic's liens, and all other liens against either real or personal property  *  *  *  if the plaintiff, or other person for him, shall allege in his petition, or file an affidavit, stating that part or all of the defendants are non-residents of the state,  *  *  *  so that the ordinary process of the law cannot be served upon them, the court in which said suit is brought, or clerk, in vacation, shall make an order, directed to the non-residents," etc.

We think it clear under these statutory provisions that the allegation contained in the petition, that Rucker was a non-resident of the state, authorized the clerk to issue an order of publication, and that when issued, published, and proved, the court had jurisdiction to proceed to judgment in the case, and, having such jurisdiction, that the sale made under it to the defendant is valid and binding as to Rucker and his gran-

tees, defendant having purchased at said sale without notice of the fact, either that Rucker was a resident of the state, or that plaintiff had acquired by *mesne* conveyance the title of Rucker, previous to the institution of the tax suit. *Hahn v. Kelly*, 34 Cal. 391; *Ogden v. Walters*, 12 Kas. 282; *Callen v. Ellison*, 13 Ohio St. 446.

Judgment affirmed, all concurring except Brace, J., absent.