NOLAN *et al.* v. TAYLOR *et al.*, Appellants.

Division One, November 26, 1895.

1. **Revenue Law**: DELINQUENT TAXES: JUDGMENT.   The revenue law does not authorize a personal judgment against the owner in a suit to enforce a tax lien against land.

2. ———: ———: ———: OWNER.   The law provides that the owner shall be made a party to such action in order that he may have an opportunity for defense against the alleged lien, and the owner, in the absence of notice to the contrary, is the person who so appears from the county records.

3. ———: ———: ———: ———.   The entries made in the United States land office may also be resorted to in order to ascertain the owner.

4. ———: ———: ———: NAME.   A judgment for taxes against "Jeff M. Thompson" and a sale thereunder will convey title to land entered in the name of "M. Jeff Thompson."

5. ———: ———: ———: ———.   Only one Christian or baptismal name is recognized by the common law.

6. ———: ———: ———: ———.   Where a person has a known given name, one which he himself recognizes, its use will be sufficient in a judicial proceeding, whether it is his first or other given name.

*Appeal from Hickory Circuit Conrt.*—HON. ARGUS COX, Judge.

REVERSED.

*T. G. Rechow* and *Herman Pufahl* for appellants.

(1) The tax suit was properly brought against Jeff Thompson, he being the record owner. *Vance v. Corrigan*, 78 Mo. 94; *State ex rel. v. Sack*, 79 Mo. 661; *Simonson v. Dolan*, 114 Mo. 176. (2) The law knows only one Christian name and does not recognize initials when there is a full Christian name, and if it did it could make no difference whether the "M." came

before the "Jeff" or after it.   16 Am. and Eng. Ency-clopedia of Law, page 114; *Franklin v.  Talmadge,* 5 John. 84; *Roosevelt v. Gardinier,* 2 Cow. 463; *Keene v. Meade,* 5 Pet. 1; *Orme v. Shephard,* 5 Mo. 606; *Philips v. Evans,* 64 Mo. 17; *State v. Black,* 12 Mo. App. 531. But if the defendant in the execution had been sued by the wrong Christian name he would have to plead that fact in abatement and the court could not disregard the judgment in a collateral proceeding. *Moseley v. Reiley,* 28 S. W. Rep. 895; *Elting v. Gould,* 96 Mo. 535. (3) The sheriff's deed (being regular in all par-ticulars), with the other deeds in evidence, transferred the title to the land in controversy to defendant Gentry. R. S. 1889, sec. 7684; *Allen v. McCabe,* 93 Mo. 138; *Gibbs v. Southern,* 96 Mo. 542; *Elting v. Gould,* 96 Mo. 535; *Jones v. Driskill,* 94 Mo. 190; *Brown v. Walker,* 85 Mo. 262.

*J. H. Childers, T. T. Loy* and *Wm. O. Mead* for respondents.

(1) The will of Quinces R. Nolan offered in evi-dence by the appellees is executed, attested, probated, and recorded in literal compliance with the laws of this state.   R. S. 1889, secs. 8870, 8884, 8887; *Graham v. O'Fallon,* 3 Mo. 507; *Graham v. O'Fallon,* 4 Mo. 601; *Charlton v. Brown,* 49 Mo. 353; *Mays v. Mays,* 114 Mo. 536. (2) The copy of the will of Quinces R. Nolan, deceased, is properly authenticated.   The laws of Georgia offered in evidence, establish the court of ordinary, and confer upon it probate, jurisdiction and then create the office of ordinary and *ex officio* clerk, one office to be filled by one person. Freeman, Judg-ments, sec. 577; *Buttrick v. Allen,* 8 Mass. 273; *Pelton v. Platner,* 13 Ohio, 209; *Gay v. Lloyd,* 1 Greene, 78;

*Napier v. Gadiere*, 1 Spear's Eq. 215; *Taylor v. Barron*, 30 N. H. 78; *Slaughter v. Cunningham*, 24 Ala. 260; *Adams v. Fisher*, 3 Blackf. 241. (3) That the words, "the balance of my property or its proceeds is for my sons, T. C. and John Q. equally," vest the title to this land in plaintiffs is not open to question.

MACFARLANE, J.—The action is ejectment to recover the northwest quarter of section 8, township 36, range 21, in Hickory county. Petition in the usual form.

By answer, defendants admit the possession of Taylor as the tenant of his codefendant W. C. Gentry. Some equities are claimed by answer which need not be noticed. The answer contained also a general denial.

On the trial plaintiffs introduced in evidence two patents of the United States to Quinces R. Nolan. This is all the information given us of these patents. It is explained in the bill of exceptions that after the trial they were lost and could not, for that reason, be copied into the record. We assume that they purported to convey to the patentee the land in controversy. These patents were never recorded.

Plaintiff then introduced in evidence a copy of an instrument in writing purporting to be the last will of Quinces R. Nolan and certificate of probate by the ordinary of Henry county in the state of Georgia, under which the land in question was claimed to have been devised to plaintiffs. The instrument was dated the twenty-second day of July, 1875. The date of the certificate of probate was June 5, 1876.

A number of objections were made to the sufficiency of the probate of this instrument to authorize its admissibility as evidence. We do not deem it necessary to consider these objections, but will assume that it was the will of the said Nolan, proved, certified,

and recorded as required by our laws, and that the land in question was devised to plaintiffs.

Upon this evidence of title plaintiff rested.

To support their right to possession defendants introduced in evidence a copy of the book of original entries, duly certified by the register of lands, on file in the office of the county clerk of said county. This book showed the following entries:

"Southwest northwest section 8, township 36, range 21. Entered by M. Jeff Thompson per military bounty land warrant 45895, November 20, 1857. Act of 1855. Entry number 7306.

"East one half northwest and northwest northwest section 8, township 36, range 21. Entered by M. Jeff Thompson per military bounty land warrant 27821, November 20, 1857. Act of 1855. Entry number 7307."

Defendants then introduced a sheriff's deed to John M. Critcher under a judgment for taxes. The deed recites a judgment in favor of the collector of the county and against Joseph A. Kelley and Jeff M. Thompson, rendered the fourteenth day of November, 1881. Deed was dated May 19, 1882, and was duly acknowledged and recorded. No objection was made to the form or sufficiency of the judgment or deed to convey any title Jeff M. Thompson had to the land. Defendant Gentry claimed under a deed from Critcher.

Upon this evidence the court found for the plaintiffs, and defendants appealed.

The only question is whether the sheriff's deed passed the title to the purchaser.

I. The revenue law, under which this sale was made, was intended to provide for enforcing the payment of taxes by a sale of the land against which they are charged. It does not provide for taking or enforcing a personal judgment against the owner of the land.

The law requires the owner to be made a party in order that he may have opportunity to defend against the charge upon the land, or to avoid a sale by payment of the taxes.

At the same time, it was not intended that the owner should escape taxation by withholding the evidence of his title from record. Hence, it is held that the owner, within the intent and meaning of the law, and in the absence of notice to the contrary, shall be taken to be the person who appears, from the records of the county, to be the owner. *Payne v. Lott*, 90 Mo. 680, and cases cited.

For the purpose of ascertaining the ownership of land for the purposes of taxation, and for charging it with the taxes, the officers are not confined to what is disclosed by the registry of deeds, but may have resort to the duly certified copy of entries made on the books of any register of any United States land office on file in the county. The person who appears from this copy to have entered the land will be taken as the true owner unless other records of the county show the title to be in some other person.

In the case above cited it was expressly held that a judgment for taxes, under the revenue law, against one who appeared, from a copy of such entries, to be the true owner, and a sale thereunder, was sufficient to carry the title as against one holding an unrecorded deed from such apparent owner.

The entry on the plat book read in evidence shows that M. Jeff Thompson entered the land, by military bounty land warrants, on November 20, 1857. The patent to Nolan was never recorded, so far as this record shows. No explanation is made why the patents were issued to Nolan. We might presume that the certificates of entry were assigned to him, and that therefore plaintiffs claim through Thompson. But though there

may have been unconnected and conflicting entries, that made by Thompson alone appeared upon the record, and he must be regarded as the owner within the meaning of the revenue law.   If Thompson, then, was a party to the suit, the deed was sufficient to carry the title to the purchaser.

II.   M. Jeff Thompson appeared from the records of the county to be the owner of the land.   The judgment was rendered in a suit to which Jeff M. Thompson was a party.   It is insisted that the apparent owner of the land was not made a party to the suit.

A person is identified by his name.   But one Christian or baptismal name is recognized by the common law.   In case the first Christian name is given, the second, or the initial letter of the second, is immaterial in judicial proceedings.   *Phillips v. Evans*, 64 Mo. 22. The judgment, therefore, against Jeff M. Thompson would be good against Jeff Thompson, or a judgment against Jeff Thompson would be good against Jeff M. Thompson, when in either case the judgment is questioned collaterally.

The name of a person is that by which he is known. If he has a known given name which he himself recognizes, that should be good as an identification in a judicial proceeding whether it is the first or second of those given him.   If the second name is the one by which he is known and which he himself uses, the use of the initial letter of the first should be immaterial in these statutory proceedings to enforce the lien of taxes upon real estate, where the property, and not the owner, is charged, and the land is described in the proceedings. *Mosely v. Reily*, 126 Mo. 130; *Cruzen v. Stephens*, 123 Mo. 337.

The military bounty land warrants were located and the land entered in the name of M. Jeff Thompson. This is the name he himself used and by which we must

assume he was commonly known. He adopts and uses the given name of Jeff and enters the land in that name. If he had chosen to put the letter M. after the name Jeff it would not have affected the validity of the judgment in a collateral attack upon it. A letter placed before the given name should also be treated as immaterial. *United States v. Winter*, 13 Blatch. 276.

It is true he might have adopted a letter or letters as a given name, and may have been generally known by it, but when he uses a given name it is sufficient to call upon him to answer under that name, and adding or prefixing letters will not defeat a judgment and sheriff's sale in either case.

The conclusion, therefore, is that M. Jeff Thompson was the owner of the land when the tax suit was commenced, within the meaning of the statute, and that the judgment against Jeff M. Thompson and the sheriff's sale and deed thereunder were sufficient to convey the title to the purchaser. The judgment is, therefore, reversed. All concur.