PERKINSON, Appellant, v. MEREDITH et al.

**Division One, November 12, 1900.**

**Actions In Rem:** SPECIAL TAX SUIT: DECEASED DEFENDANT. A suit can not be brought on a special tax bill for street improvements, against a dead person in whom the records show the title to be. At his death he ceases to be the owner, and the title passes to his devisee or heirs as in other cases. Nor does the charter of St. Louis, which provides that "the special tax bill shall become a lien on the property charged therewith and may be collected of the owner of the land," permit the suit to be begun against a dead person who by the record seems to be the owner. It must be brought against the actual owner, in order to divest him of his title. The action is not wholly one *in rem.*

Appeal from St. Louis City Circuit Court.—*Hon. Jacob Klein,* Judge.

AFFIRMED.

*T. A. Post* for appellant.

(1) The proceeding is really against the land, and under execution enforcing judgment therein the levy is only against the land; and from considerations of public policy the contractor is protected, if he has no other information and his order of publication embraces the names of the record owners. Payne v. Lott, 90 Mo. pp. 676, 680, 681; Vance v. Corrigan, 78 Mo. 94; State ex rel. Hunt v. Sack 79 Mo. 661; Watt v. Donnell, 80 Mo. 195; Cowell v. Gray, 85 Mo. 169; Allen v. Ray, 96 Mo. 542; Evans v. Robberson, 92 Mo. 192; Smith v. Blevins, 104 Mo. 583; Seibert v. Allen, 61 Mo. 488; St. Louis Charter, art. 6, sec. 25; R. S. 1899, p. 2513. (2)

Defendants in the present action certainly could not attack plaintiff's title on the ground that notice of suit on the special tax bill was given to Olive M. Hilton and not to her heirs, unless it should be made to appear that the failure of notice worked them harm. And such result is negatived by the evidence. Lanier v. McIntosh, 117 Mo. 520; McDonald v. Schneider, 27 Mo. 405; Woods v. Hilderbrand, 46 Mo. 284; Norcum v. Doench, 17 Mo. 98; Glasgow v. Baker, 14 Mo. App. 201; Newell Eq., p. 642, sec. 14; Adams Eq., 33.

*A. C. Stewart* and *Isaac H. Orr* for respondents.

(1) A suit on special tax bill for street improvement is not strictly an action *in rem*. A personal defendant is necessary to the validity of the proceedings, although no personal judgment can be rendered. Only the interests of such persons as have been legally brought in, can be affected by the judgment. Jaicks v. Sullivan, 128 Mo. 177; Seibert v. Allen, 61 Mo. 482; Vance v. Corrigan, 78 Mo. 94; Corrigan v. Bell, 73 Mo. 53. The same doctrine applies in suits for general taxes, and in suits to enforce mechanics' liens. Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472; Graves v. Ewart, 99 Mo. 13; Blevins v. Smith, 104 Mo. 583; Russell v. Grant, 122 Mo. 161. "Even in proceedings *in rem,* some form of notice is as essential and indispensable as in other cases." Russell v. Grant, *supra;* Hassall v. Wilcox, 130 U. S. 493; Windsor v. McVeigh, 93 U. S. 274. (2) At the date of the institution of the suit on special tax bill, Olive M. Hilton was dead. A judgment rendered in a suit begun and prosecuted against a deceased person is absolutely void. Jaicks v. Sullivan, *supra;* Graves v. Ewart, *supra;* Crosley v. Hutton, 98 Mo. 196; Williams v. Hudson, 93 Mo. 524; Bollinger v. Chouteau, 20 Mo. 89. (3) A sale by sheriff under a void judgment passes no title. Holland v.

Johnson, 80 Mo. 34; Railroad v. Reynolds, 89 Mo. 146; Janney v. Spedden, 38 Mo. 395; Milner v. Shipley, 94 Mo. 106. (4) Neither of the defendants in the suit on special tax bill had any title at time suit was begun.   It is the well settled law of this State that the purchaser at a tax sale acquires only the title of the defendants in the tax suit.   Allen v. Ray, 96 Mo. 542; Powell v. Greenstreet, 95 Mo. 13; Draper v. Bryson, 26 Mo. 108; Fox v. Hall, 74 Mo. 315.

ROBINSON, J.—This is an action in ejectment instituted in the circuit court of St. Louis to secure the possession of certain real estate described in the petition.

A trial was had by the court, a jury having been waived, which resulted in a finding and judgment for the defendant, and plaintiff appealed.

The petition is in the usual form in such cases; the answer a general denial.   On July 7, 1883, William Collins, who is the common source of title, conveyed the lot in question to J. Oliver, who is described in the deed as being "of the city of Chicago and State of Illinois."   Afterwards on July 11, 1890, John Oliver described in the deed as being "an unmarried man of St. Louis in the State of Missouri," gave a deed of trust on said lot to H. C. Sanford, trustee for Isaac Drexel of New York; and on the same day John Oliver and S. H. McMillan conveyed said lot, together with other property by warranty deed, to Olive M. Hilton.   This deed however, was not recorded until the 7th day of May, 1894. On July 23, 1894, plaintiff commenced suit in the circuit court of the city of St. Louis against J. Oliver on a special tax bill issued pursuant to an ordinance of the city of St. Louis passed for the purpose of improving Lee avenue, in front of the lot in question.   In November following, an amended petition was filed, making Olive M. Hilton a party

defendant; thereupon publication was made as to both defendants, on the theory, doubtless, that they were non-residents of the State. On June 17, 1895, judgment by default was rendered against J. Oliver and Olive M. Hilton. This judgment recites that, "The court being now fully advised doth find that the defendants are indebted to the plaintiff in the sum of $54.83, by reason of a special tax bill dated December 20, 1892, and numbered 7838, herewith filed and upon which this action is founded; and the court doth further find the same to be a lien upon the real estate described in the amended petition. . . . Whereupon it is now by the court considered that plaintiff do recover the indebtedness aforesaid found as aforesaid, to-wit: .... and that execution issue therefor, the same to be levied of real estate charged with the lien thereof and heretofore described."

Afterwards, on the 22d day of July, 1895, a sheriff's sale was had under special execution issued on said judgment, and plaintiff became the purchaser and received a sheriff's deed therefor. On October 9, 1895, the trustee in said deed of trust conveyed said lot by trustee's deed in the usual form to Elizabeth Werrmeyer, in pursuance of a foreclosure sale under the deed of trust. Afterwards, in December, 1896, Elizabeth Werrmeyer conveyed the lot in question to Julia Meredith, the defendant herein.

The evidence shows that J. Oliver, described in the deed from William Collins as being "of the city of Chicago and State of Illinois," who executed the deed of trust on the lot in question to H. C. Sanford, trustee of Isaac Drexel, and the warranty deed above mentioned to Olive M. Hilton, was one and the same person. It further appears that Olive M. Hilton was dead at the time the tax suit was begun, and that at the time of her death she was a resident of the State of Colorado. The record also shows that at the time the tax suit

was commenced and at the date of plaintiff's purchase at the sheriff's sale thereunder, he had no notice or knowledge whatever that J. Oliver and John Oliver was one and the same person, or that Olive M. Hilton was dead.

The plaintiff claims title by purchase at execution sale under the sheriff's deed in pursuance of a sale on the special execution issued on the judgment rendered in the suit on the special tax bill against J. Oliver and Olive M. Hilton.

It is contended by counsel for defendants that no title was acquired by plaintiff's purchase at the sheriff's sale under the judgment in the tax suit, because at the time the suit was begun Olive M. Hilton was dead and the proper parties defendant were not before the court.

On the other hand, the contention of plaintiff, as stated by his counsel is that, "Even if the evidence was sufficient to warrant the court in finding that the alleged conveyance to Olive M. Hilton was sufficient to pass title to her to the property in question, and sufficient to warrant the court in finding that she was dead at the time suit was brought against J. Oliver and Olive M. Hilton, nevertheless inasmuch as the evidence also showed that the title to the property in controversy then stood of record in the name of Olive M. Hilton, and inasmuch as no proof was adduced showing notice to plaintiff of her death at the time when said suit was brought, the court erred in holding that said notice to Olive M. Hilton was not sufficient to subject any such right, title and interest as may have passed by said deed to said Olive M. Hilton, to the lien of the tax bill declared upon in said suit, and to the judgment and execution thereon to plaintiff's purchase thereunder."

The point for decision, therefore, is whether the tax suit instituted against Olive M. Hilton, after her death, authorized a judgment and sale thereunder, so as to vest title to the

lot in controversy in plaintiff, without bringing in the heirs of Mrs. Hilton.   Olive M. Hilton having by successive conveyances, all of which were duly recorded, prior to the commencement of the tax suit, acquired the interest of J. Oliver in the lot in question, it is not perceived how the order of publication against said Oliver could affect the title thus acquired by her, especially where, as here, it was shown that J. Oliver and John Oliver was one and the same person. Neither can it be said that the order of publication bringing in Olive M. Hilton was effectual to enforce the lien of the special tax bill and pass the title to plaintiff.

But it is urged by appellant that inasmuch as the tax suit was not for the purpose of securing a personal judgment against Olive M. Hilton, being against the property and not against the owner, "it is not necessary for the purpose of the special tax bill suit under the St. Louis charter, that there should be any actual party in court."   This position in our opinion is untenable.   In Vance v. Corrigan, 78 Mo. 94, an action between the holder of a tax deed and the holder of a prior unrecorded deed to the same lot, both parties claimed title from the same grantor.   In speaking of the nature of the action in that case, the court says: ."The proceeding is really against the land, although a personal defendant is necessary to the validity of the proceeding, but no personal judgment can be rendered in the suit, and it is sufficient to proceed against the record title when the true owner is unknown."·

That case, however, is not authority for the position that suit may be brought on a special tax bill against a dead man, because the title of record happens to stand in him.   At his death he ceases to be the owner and the title passes to his heirs or devisees.   In Gitchell v. Kreidler, 84 Mo. 472, it was said by this court:   "While the judgment is against the property and not personal, still the tax is assessed against

the owner if known. The law looks to him for payment of the tax. The suit to enforce the lien is the last step contemplated by the statute, and to this suit he is a necessary party. Such a proceeding can not be said to be strictly *in rem.*" The same view is expressed in Blevins v. Smith, 104 Mo. 590. By section 25, article 6 of the Scheme and Charter of the city of St. Louis, it is provided that the special tax bill "shall become a lien on the property charged therewith, and may be collected of the owner of the land in the name of the contractor, as any other claim in any court of competent jurisdiction." This provision simply contemplates a suit to enforce the lien of the special tax bill against the record owner, in the absence of notice to the contrary. How can it be said, then, that the commencement of this suit against Olive M. Hilton after her death could affect the title to her heirs who were not made parties to that suit? At her death the title passed to her heirs and devisees, and she ceased to be the owner. It follows therefore as a natural sequence that the "owner of the land" was not before the court to show cause why the lien of the special tax bill should not be enforced, and for that reason the proceedings were insufficient to affect the interest now claimed by the plaintiff.

In order to divest the landowner's title he must be made a party to the proceedings. Referring to the charter of the city of St. Louis under which the tax suit was brought, we find that the lien of the special tax bill is only given against the land, and that the proceedings to enforce the lien only affects the right of the parties made defendants therein. Manifestly, then, in any proceeding to enforce the lien of the special tax bill, the owner is a necessary party, and such has been the uniform holding of this court.

The precise question came before this court in Jaicks v. Sullivan, 128 Mo. 177. In that case suit was begun on a

special tax bill against R. L. Sullivan, three years after his death, followed by publication, default and judgment. After judgment and before the sale, knowledge of the death of Sullivan, who was the owner of record, was brought home to plaintiff. Thereupon the judgment was set aside and an amended petition filed, making Sullivan's heirs alone defendants. On that state of facts GANTT, P. J., speaking for the court, says: "We have no hesitancy in holding that in our opinion it was never intended that a proceeding to enforce a lien for street improvements should be a proceeding strictly *in rem;* on the contrary, the unmistakable purpose of the legislature was that the right or title of no owner should be affected or bound, unless he was made a party and notified according to law." Counsel for plaintiff contends, however, that the Sullivan case is not in point here because the charter of Kansas City under which that suit was brought, "not only required that suit should be brought against the owner of the property, but that only the right, title, interest and estate of the parties made defendants in any suits shall be affected or bound thereby." The provision of the Kansas City charter to which our attention is called came somewhat under review in Stafford v. Fizer, 82 Mo. 393. Commissioner Martin in speaking of the charter provisions requiring suits to enforce special tax bills for street improvements to be brought against the owner of the property, says: "This express reservation of their rights to parties interested in the land, who had been omitted in the proceeding to divest their interest, is only declaratory of the law which has always been recognized in this State as governing the practice of enforcing liens against realty. . . . . In the absence of the express reservation contained in the act, the conclusion reached by the court in the cases cited would have been the same. It could not have been otherwise without approving the repulsive practice of

divesting a person of his rights and estates in land by virtue of a proceeding which omits both actual and constructive notice to him of its existence and progress."

No essential difference is observed between the charter of the city of St. Louis under which this proceeding was instituted and the provisions of the Kansas City charter construed by this court in the Sullivan case. The former like the latter required suit to enforce the tax lien to be brought against the "owner of the land," and before the rights of any person to the land can be affected they must be made parties to the proceeding. This has been the uniform ruling of this court in proceedings for the enforcement of special tax bills for street improvements. The proper parties not having been made defendants, no title was acquired by the sheriff's deed under which plaintiff claims.

In view of this conclusion we do not deem it necessary to discuss the other proposition urged in plaintiff's brief. Many authorities have been cited by counsel for appellant which we do not consider applicable to the peculiar facts of the case, and for that reason have not referred to or commented upon them.

The judgment of the circuit court will be affirmed. All concur.