OZARK LAND AND LUMBER COMPANY, Appellant,
    v. JOSEPH ROBERTSON and W. A. NORMAN,
    Respondents.

**St. Louis Court of Appeals, May 7, 1901.**

1. **Title to Real Estate: PATENTEE: UNRECORDED DEED.** Title derived from a patentee is not affected by previous unrecorded deeds from him to other parties.

2. **Practice, Appellate: EQUITY.** The case at bar being one of equitable cognizance, and triable by the court without the aid of a jury, the declarations of law requested were inapt.

3. ————: ————. The sole question for review is, whether the decree can be sustained upon the principles of law applicable to the preponderance of the competent testimony.

Ozark Land & Lumber Co. v. Robertson and Norman.

Appeal from Oregon Circuit Court.—*Hon. William N. Evans,*
Judge.

REVERSED AND REMANDED.

### STATEMENT OF THE CASE.

This is an action for damages for trespass, on land alleged
to belong to plaintiff.    It seeks also to enjoin further trespass
on account of the alleged insolvency of defendants, and to pre-
vent a multiplicity of suits.

The answer was a general denial.    The cause was tried by
the court without the aid of a jury, upon the allegations for
equitable relief.

The plaintiff gave evidence of the cutting and carrying
away of timber, on the land in dispute, by defendants or their
employees.    The parties submitted their respective deraign-
ments of title to the land.    Upon the consideration of these the
court rendered a decree for defendants, from which the plain-
tiff appealed to the Supreme Court, and that court, holding that
the title to the land was not involved, transferred the cause to
this court for decision.

*Botsford, Deatherage & Young* for appellant.

(1) Said deed was not admissible under said section 3119
or 3146, Revised Statutes 1899, because said deed, having been
recorded in 1895, had not been of record thirty years, as those
statutes provide; nor was said deed admissible under section
3113, Revised Statutes 1899, because said deed had not been
of record for twenty years; nor was it admissible under section
3123, Revised Statutes 1899, because it had not been of record

Vol 89 app—31

for ten years before being offered in evidence. (2) In the case of Vance v. Corrigan, 78 Mo. 94, 95, this court held that the words "the owner," in these revenue laws in regard to bringing suits, meant the record owner of the land at the time. The court in that case, in its opinion, used the following language: "It is the settled law of this State that a purchaser at execution sale is a purchaser from the judgment debtor within the meaning of the recording act. Draper v. Bryson, 26 Mo. 108. (3) In this case, defendant's chain of title consists of said deed from Fulton to Parcel, recorded October 16, 1895; said deed from Parcel to Whitenberg, acknowledged, as we have seen, before an Illinois justice of the peace and recorded November 8, 1895; a deed from said Whitenberg to Samuel Johnson, dated August 15, 1859, and recorded January 24, 1866, and a deed from said Johnson to defendant W. A. Norman, dated August 15, 1894, and recorded January 18, 1895. These four deeds constitute defendant's chain of title and the only one of these four deeds recorded before the bringing of said tax suit was said deed from Whitenberg to Johnson, which was recorded in 1866, but there was nothing to show title in Whitenberg, so far as the land records of Oregon county were concerned, until long after said tax suit and deed were had, made and recorded. This for the reason that the other three of said defendant's deeds constituting his chain of title were not recorded until 1895 and that prior to 1895 there was nothing in the records of Oregon county showing that Whitenberg, who was the grantor in the deed to Johnson recorded in 1866, had any title. All of the plaintiff's deeds composing plaintiff's chain of title were recorded prior to the year 1895, as we have seen, and it is well settled that the persons holding said deeds, composing plaintiff's chain of title, were not bound to take any notice of the record of said deed, in 1866, from Whitenberg to Johnson.

No brief for respondent furnished reporter.

BOND, J.—This case being one of equitable cognizance and, hence, triable by the court without the aid of a jury, the declarations of law requested by the learned counsel for appellant were inapt. The sole question for review was whether the decree can be sustained upon the principles of law applicable to the preponderance of the competent testimony. A number of objections to the introduction of the deeds constituting defendant's chain of title were made when the same were offered in evidence which seem to be wholly untenable. But taking this for granted, and regarding all the deeds offered by defendants as competent evidence, it nevertheless appears that only one of the four, which constituted their chain of title from the patentee (George Fulton) of the land in dispute, was recorded as early as January 24, 1866; the other three not having been put of record until 1895, until which latter date there was nothing appearing upon the records of Oregon county which showed that the grantor in the said deed, recorded on January 24, 1866, had acquired any title from the aforesaid original patentee of the land. On the other hand, the record shows that plaintiff has acquired the title which was conveyed by a sheriff's deed under a sale of the land in a suit for delinquent taxes, wherein a judgment was rendered on the seventeenth of May, 1879, to which suit the aforesaid original patentee of the land was a party defendant, and which deed conveyed his title and that of others to the purchaser at said sale. It further appears of record that the official map of Oregon county disclosed that said George Fulton was then the patentee of said land. It follows from the foregoing statement of facts that the title which plaintiff derived from said patentee, was not affected by the previous unrecorded deeds from him to the parties through whom defendants claim, none of which gave any notice through the medium of

the recorder's office of the title conveyed to defendants until after all of them had been recorded in 1895, which latter date was long subsequent to the vestiture of title in the grantors of plaintiff by the sheriff's deed, conveying the title of the aforesaid patentee, who was then the owner of record of the land. Payne v. Lott, 90 Mo. 676; Nolan v. Taylor, 131 Mo. 224; Hilton v. Smith, 134 Mo. 299.

It follows that the judgment herein was for the wrong party. It will, therefore, be reversed and the cause remanded with directions to enter a decree in favor of plaintiff. All concur.