Ailey v. Burnett.

## AILEY *et al.*, *Appellants*, v. BURNETT *et al.*

### Division One, May 26, 1896.

1. **Homestead:** LAW APPLICABLE. The law governing the homestead rights of the widow and minor children of a homesteader is that in force at the time of his death.

2. ———: MINOR CHILD. The interest of a minor child in the homestead of his parent terminates when the child reaches full age.

3. ———: INCUMBRANCE. Where the husband and wife put an incumbrance upon their homestead it constitutes a prior lien to the interest of the minor children in that property.

4. ———: WIDOW: SUBROGATION. Where a widow in possession of a homestead, derived from her deceased husband, also purchases the property at a sale under an incumbrance placed thereon during his lifetime, she is subrogated to the rights of the mortgagee so as to be entitled to hold the property (as against a claimant of a remainder) until reimbursed for her advances in so purchasing the estate.

5. **Equity:** MORTGAGEE IN POSSESSION: INCUMBRANCE. In some circumstances an offer in a bill to do equity will satisfy the requirements of justice; but a mortgagee in possession of property, charged with a definite equitable incumbrance, can not be disturbed in that possession without an actual tender of the sum equitably due by one who seeks the aid of a court to redeem as against the incumbrance.

6. **Homestead:** LAW OF 1876: WIDOW. A later marriage by a widow in possession of a homestead estate did not impair her right to that estate, under the law in force in 1876.

7. ———: RENTS AND PROFITS. The party entitled to possession of a homestead is entitled to enjoy the rents and profits thereof.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellants.

(1) Where, as here, a homestead has been acquired, it is not lost by abandonment, by a temporary absence for purposes of business, health, or recreation. *Duffy v. Willis*, 99 Mo. 132; *Leake v. King*, 85 Mo. 413; *Kaes v. Gross*, 92 Mo. 647; *Robson v. Hough*, 20 S. W. Rep. 523; *Painter v. Steffen*, 54 S. W. Rep. 229: *Hines v. Nelson*, 24 S. W. Rep. 541; *Edwards v. Reid*, 58 N. W. Rep. 202; *Kaeding v. Joachinsthal*, 56 N. W. Rep. 1101. (2) The plaintiff, being a remainder man, no act upon the part of Mrs. Burnett could affect or destroy the plaintiff's estate in remainder. *Salmon's Adm'r v. Davis*, 29 Mo. 176; *Keith v. Keith*, 80 Mo. 127; 6 Am. and Eng. Encyclopedia of Law, p. 881; *Varney v. Stephens*, 22 Me. 331; *McCory v. King's Heirs*, 3 Humph. 267; *Foster v. Marshal*, 22 N. H. 491; *Jackson v. Mancens*, 2 Wend. 357; *Allen v. De Groodt*, 98 Mo. 159; *Allen v. De Groodt*, 105 Mo. 442; *Hintens v. Hintens*, 114 Mo. 28; *Meads v. Hutchinson*, 111 Mo. 629. (3) As Mrs. Burnett occupied a fiduciary relation to the plaintiff, her possession could not become adverse until she, by some overt act, brought home to the plaintiff a knowledge that her possession had been changed from a friendly one to a hostile one. *Hamilton v. Boggess*, 63 Mo. 233. (4) No laches can be imputed to the plaintiff by reason of her omission to bring suit earlier. *Sherwood v. Baker*, 105 Mo. 478; *Brown v. Moore*, 74 Mo. 633.

*W. C. Scarritt* and *J. K. Griffith* for respondents.

(1)    The evidence in this case shows conclusively
that if the property in controversy was ever at any
time the homestead of Harrison Benton, it had been
abandoned and ceased to be such at least a year before
his death.    The right of homestead ceases to exist
when the occupant, with a view to acquiring a resi-
dence elsewhere and with no fixed purpose of return-
ing, ceases to occupy the premises as a residence, and
the intention to return in order to preserve the right,
must be formed at the time of the removal.    *Smith v.
Bunn*, 75 Mo. 559, and cases cited; *Duffy v. Wills*, 99
Mo. 132; *Wolf v. Hawkins*, 29 S. W. Rep. (Ark.) 892;
*Kimbal v. Wilson*, 59 Iowa, 636; *Mattingly v. Berry*,
23 S. W. Rep. (Ky.) 215; *Jackson v. Sackett*, 35 N. E.
Rep. (Ill.) 237.    (2)    The property in question if ever
a homestead, having been abandoned as such, as the
court properly found, Mrs. Benton did not stand in
any fiduciary relation to this plaintiff who was not her
child, and she would acquire a good title under the
deed of trust, paying as she did full value for the land
at a sale which was fairly conducted, and without fraud
on the part of anybody, so far as the evidence in this
case shows.    R. S. 1889, sec. 5435.    *Kopp v. Blessing*,
121 Mo. 391; *Tucker v. Wells*, 111 Mo. 399; *Greer v.
Major*, 114 Mo. 145; *Kennedy v. Broyles*, 55 Mo. App.
257.    (3)    Mrs. Burnett was not under any obligation
to protect this property, and she had a right to buy it
in at the sale.    *Wolcott v. Hand*, 122 Mo. 628; *Dillin-
ger v. Kelly*, 84 Mo. 565; *Briant v. Jackson*, 99 Mo.
585.    (4)    Before plaintiffs can maintain this action,
they must contribute their proportion of the amount
paid by defendant for incumbrances, taxes, and im-
provements.    *Dillinger v. Kelly*, 84 Mo. 568, and cases

cited; *Allen v. De Groodt*, 105 Mo. 452; *Meads v. Hutchinson*, 111 Mo. 629. (5) Plaintiff is guilty of such laches as to preclude her from recovery. The deed sought to be set aside was made nearly eighteen years ago. The cause of action arose more than thirteen years before this suit was instituted and about nine years after plaintiff became of age. 2 Story's Eq. Jurisprudence [12 Ed.], sec. 1520; *Bliss v. Pritchard*, 67 Mo. 181; *Kelly v. Hurt*, 74 Mo. 561; *Tatum v. Holliday*, 59 Mo. 422; *Stevenson v. Saline Co.*, 65 Mo. 425; *Burdett v. May*, 100 Mo. 13; *Kroening v. Goehri*, 112 Mo. 641; *Kline v. Vogel*, 90 Mo. 239, and cases cited; *Wilson v. Railroad*, 120 Mo. 45; *Dunklin Co. v. Chouteau*, 120 Mo. 577; *Ferguson v. Soden*, 111 Mo. 208.

BARCLAY, J.—This is a suit in equity. The chief plaintiff is Mrs. Rachel Ailey, a married woman, whose husband joins her in the case. She is the daughter of Mr. Harrison Benton, deceased. There are a number of defendants, the leading one being Mrs. Luvenia Burnett, formerly widow of said Benton, now the wife of Mr. Burnett.

We pass the pleadings and state the substance of the controversy.

Waiving some slight discrepancies as to dates, there is no dispute as to the facts that govern the result.

Harrison Benton was a colored minister of the gospel in Kansas City, where he acquired a small piece of land in 1868. He died in October, 1876. At that time the defendant Luvenia was his wife. She has ever since resided upon the property mentioned. He left one child, Mattie, as the issue of his last marriage. She is one of the defendants in this suit.

Benton had been previously married to the mother of plaintiff, but had been divorced from that wife, on

his application.   Plaintiff Rachel was born in April, 1862, of that union, and hence became of age (18 years) in 1880.

During his lifetime, August 12, 1875, Benton and wife executed a deed of trust in the nature of a mortgage conveying the said land to secure to Mr. Bassett payment of a note for $190 with interest, 15 months after that date.   It was in due form and recorded.   It remained unpaid at his death.

In September, 1877, a sale took place according to the terms of the deed of trust.   Luvenia Benton, the widow, became the purchaser of the land, by trustee's deed, also duly recorded.

The petition in the suit at bar was filed, September 19, 1890.

The object of the suit is to set aside the sale last named, to obtain a decree vesting title to one half the property in the plaintiff Rachel, subject to the life estate of Luvenia, and to have any other relief that may be obtainable.

Plaintiff insists both in her pleadings and evidence that the land in question was the homestead of her father when he died.   This claim is stoutly disputed, on the theory that he had abandoned the place as a homestead.

We shall not go into the merits of that branch of the controversy.   We deem it unimportant in view of other rulings.   We assume, for the present, the soundness of plaintiff's contention that the property was the homestead of the deceased.

Benton died in 1876.   The homestead law then in force governs the rights of these parties.

By the homestead act of 1875 (Laws, 1875, p. 60, sec. 1) the interest of a minor child in the homestead of its father is limited to the period of its minority.   R. S. 1879, sec. 2689, identical with the law of 1875.

When the child reaches full age, its interest in the homestead as such ceases. It certainly has no claim thereafter to the homestead as against the surviving widow of the homesteader.

It appears from plaintiff's own testimony that when she was 18 years old, living in Kansas at the time, she got an attorney there to write to one in Kansas City "to find out about the property." It was some years later before she actually engaged an attorney to bring suit.

There is no proof whatever of any claim on her part or of anyone for her, during her minority, of a right to occupy the homestead along with the widow who was in possession. The present suit is not founded on a denial of such right. It proceeds on the theory that plaintiff is entitled as heir at law, owning an undivided half of the fee (after the life estate of homestead of the widow), to attack the title conveyed to Luvenia by the trustee's deed based upon the incumbrance imposed on the land by plaintiff's father in his lifetime.

Whatever plaintiff's ultimate rights may be as heir of her father, it is clear that her interest or estate acquired by that relationship is subject to his just debts, and certainly is subject to the mortgage placed on the estate by him.

Irrespective of any title acquired through the deed of trust, defendant Luvenia is entitled to present possession and enjoyment of the land, if it be homestead property as plaintiff asserts.

The later marriage of Mrs. Burnett did not destroy her right to the homestead.

She also certainly had the right to buy in the property at the trustee's sale, for the protection of her limited estate and of the interests of all others concerned, even if she did not have the right to buy it for

Ailey v. Burnett.

herself alone. We do not pass on the disputed question as to her right to buy it for herself. It is not necessary to do so now.

If she is subject to be placed by a court of equity in the position of having bought as trustee for those interested in the fee of the land, that is to say, for plaintiff (as to the latter's interest), it is yet evident that plaintiff will have to bear at least a due share of the burden of the debt of Benton which the secured note represented, before she can acquire any rights in the property superior to Mrs. Burnett (regarding her now merely as purchaser in trust under the deed of trust).

Mrs. Burnett is at least entitled (on the facts stated) to be subrogated to the rights of the holder of the mortgage and to remain as mortgagee in possession until satisfaction of the debt secured.

Plaintiff has at no time paid or tendered any part of that debt, and her rights are clearly subordinate to the security given by her father for its payment.

Defendant in any view of the facts is entitled to present possession of the land as homestead property. It will be time enough to consider plaintiff's rights in remainder when she exhibits facts showing she has done all that equity demands of her in respect of discharging or tendering her due proportion of the mortgage obligation.

We fail to discern in the facts before us, as the case now stands, any valid reason to set aside the trustee's deed to Mrs. Burnett or to disturb her enjoyment of the homestead of her former husband.

The trial judge found for the defendant, and no sufficient cause has been pointed out for reversing that decision.

There may be other valid grounds (growing out of the facts stated) to deny plaintiff a present right of re-

covery in equity as well as at law; but it is not neces-
sary to consider them, as plaintiff must fail for the
reasons already given.

The judgment is affirmed. BRACE, C. J., and MAC-
FARLANE and ROBINSON, JJ., concur.

### ON MOTION FOR REHEARING.

PER CURIAM.—The chief contention on the motion
for rehearing is that plaintiff's right to a judicial
declaration, establishing her interest in the property,
should not be denied because of the fact that she has
made no tender toward redemption of the property
from the incumbrance. Her claim is that the offer to
do full equity is enough to satisfy the demands of the
law.

We do not regard that claim as sound, in the cir-
cumstances exhibited by this record.

Sometimes an offer to do equity may be sufficient
to satisfy the requirements of justice; but not where
the property, in which an interest is sought to be
asserted, is charged with a definite equitable incum-
brance, as in the case at bar.

Assuming, as plaintiff contends, that Mrs. Burnett
is to be dealt with as a mere tenant for life, still her
purchase of the land at the sale (under the old deed of
trust) at least inured to her benefit so far as to keep
the incumbrance as such, alive against anyone claim-
ing the property in remainder who might assert a right
to redeem. *In re* Harvey (1896) 1 Ch. 137.

Mrs. Burnett has, on principles of subrogation,
the right to maintain the status of a mortgagee in
possession as to plaintiff, in that view of the case, on
plaintiff's own theory of her standing.

Holding that position, and there being no claim
that the old debt has been discharged, or even reduced,
by rents and profits or otherwise, Mrs. Burnett can not

be disturbed in her possession or title, held at least as a security, without an actual tender of the sum equitably due by plaintiff on account of the incumbrance still resting, equitably, on the estate. What that sum would be, need not be considered, as no tender whatever has at any time been made.

There could of course be no successful claim advanced by plaintiff that the rents and profits had reduced the principal debt, since on plaintiff's own theory, Mrs. Burnett would be entitled to receive them by virtue of her right to enjoy the homestead during her life.

These observations dispose of all we note in the motion for rehearing calling for any further comment than was made in the first opinion.

The motion for rehearing is overruled.