THE STATE ex rel. GRANITE BITUMINOUS PAVING COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, June 14, 1919.

CONFLICT IN OPINIONS: Beneficiary Party to Suit on Special Tax Bill: No Conflict. The Supreme Court has never decided that in a suit on a special tax bill for a street improvement the *cestui que trust* in a deed of trust existing at the time the tax bill was issued is not the owner and a necessary party within the meaning of the clause of the St. Louis Charter providing that "said tax bills shall be and become a lien upon the property charged therewith and may be collected of the owner of the land" and that unless proceedings are commenced to collect such special tax bills within two years of their maturity the lien thereof "shall be destroyed and of no effect against the land charged therewith;" and, hence, a decision of the Court of Appeals, holding that under said charter provisions the beneficiary named in the deed of trust is an "owner of the land" and a necessary party, and if not made a party within two years the lien is destroyed, although the suit is timely brought against both the mortgagor and the trustee, is not in conflict with any prior decision of the Supreme Court, and therefore, whether such decision be right or wrong, the Supreme Court does not, under the constitutional provision, obtain jurisdiction by *certiorari* to review it.

## *Certiorari.*

WRIT QUASHED.

*Sturdevant & Sturdevant* and *Charles W. Bates* for relator.

(1) Whatever the word "owner" may mean (Gitchell v. Kreidler, 84 Mo. 472, 476; Stewart v. Ramsey, 196 Mo. 404, 414-415) in the statutes and city charters requiring proceedings to enforce general real estate taxes and special taxes, respectively, to be brought against "the owner" of the property charged with the lien, these legislative provisions are complied with, and the proceeding is valid and effectual to collect the tax bills out of defendant's ownership, the fee, when the owner of the fee is made defendant, although holders of liens inferior to the tax liens, general or special, are not made parties. Paxton v. Fix, 190 S. W. 328; Stafford v. Fizer, 82 Mo. 33; Gitchell v. Kreidler, 84 Mo. 472, 477; Allen v. McCabe, 93 Mo. 145; Granite Bituminous Paving Co. v. Parkview Realty & Improvement Co., 168 Mo. App. 477. The suit is a good, valid and effectual proceeding to collect the tax, though only a part of co-owners of the property are made defendants. The judgment in such case will bind those who are parties. Smith v. Boese, 39 Mo. App. 20; Schneider Granite Co. v. Taylor, 64 Mo. App. 38; Salem ex rel. v. Young, 142 Mo. App. 167; Neenan v. St. Joseph, 126 Mo. 96; Walker v. Mills, 210 Mo. 694. (2) The provision in Section 25 of Article 6 of the Charter of the City of St. Louis, that the special taxes shall be collected of the owners of the land as any other claim in any court of competent jurisdiction, means by such process as is adapted to the enforcement of the lien on the lot. Barber Asphalt Pav. Co. v. St. Joseph, 183 Mo. 456; Vance v. Corrigan, 78 Mo. 96; Neenan v. Smith, 50 Mo. 529; Gitchell v. Kreidler, 84 Mo. 476. The provisions of the Kansas City Charter

referred to in Keating v. Craig, 73 Mo. 507, and Corrigan v. Bell, 73 Mo. 53, to the effect that parties in interest might be made defendants in enforcing the lien, and that those not made parties should not be bound by the judgment, were only declaratory of the general law. Morey Co. v. St. Louis Co., 242 Mo. 260; Stafford v. Fizer, 82 Mo. 400; Perkinson v. Meredith, 158 Mo. 464. They do not differ in legal effect from the provisions in the Charter of the City of St. Louis. Morey Co. v. St. Louis Co., 242 Mo. 261; Perkinson v. Meredith, 158 Mo. 465. The question was not presented to the court for decision, but it is extremely doubtful if either Kansas City or the City of St. Louis can lawfully enact, in their charters, provisions regulating practice in the courts, the rights of parties in legal proceedings or the effect of judgments, especially as the general law, the Constitution and the code of civil procedure, cover the same matters, which are not strictly municipal. Badgley v. St. Louis, 149 Mo. 122; State ex rel. v. Telephone Co., 189 Mo. 83. (3) The lien of the special tax bill under the St. Louis Charter is kept alive and in full force by the bringing of a suit in court against the owner of the fee, to enforce the special tax lien within two years from the maturity of the tax bill, as is conceded was done in the case at bar, and which proceeding ever since then and still is pending, now in this court, for within the terms of the charter, proceedings in law were commenced to collect the special taxes within two years after the maturity of the bill, which proceedings are still pending. A proper proceeding for the collection of the tax bill brought within the time limited by the charter necessarily keeps alive the tax lien, for otherwise the proceeding would be a vain and useless thing. Huff v. Morton, 94 Mo. 408; Barnes v. Imhoff, 254 Mo. 225; Young v. Schofield, 132 Mo. 664. (4) In a proceeding in court to enforce and foreclose a superior lien, including tax liens, the holders of inferior liens, while proper parties, are not necessary parties. Paxton v. Fix, 190 S. W. 328; Stafford v. Fizer, 82 Mo. 398; Allen v. McCabe,

93 Mo. 145; Gitchell v. Kreidler, 84 Mo. 477; Williams v. Brownlee, 101 Mo. 315; Talbot v. Roe, 171 Mo. 421, 443; Valentine v. Havener, 20 Mo. 133; Keaton v. Jorndt, 259 Mo. 194. (5) The rights of Nina Realty Company are foreclosed, though not a party to this suit. (a) The making of the trustee in deeds of trust a party defendant in a tax suit is of no legal effect, and it is useless to make him a party. Stafford v. Fizer, 82 Mo. 398; Gitchell v. Kreidler, 84 Mo. 472. (b) It would have been useless and of no avail to have made the holders of the seven thousand bonds parties when this suit was brought, for when, thereafter, the property was sold in the foreclosure of the deeds of trust securing the bonds, whatever interest the bondholders had in the property terminated—their liens were extinguished, and whatever title, if any they had, was determined. The relator, the Granite Bituminous Paving Company, was not compelled to search for unknown beneficiaries. Western Brass Mfg. Co. v. Boyce, 74 Mo. App., 354. Whoever, if any one, succeeded to the bondholders' interest, whatever it was, is equally bound. Moreover, the bondholders had no title to the property. Dickerson v. Bridges, 147 Mo. 243. The trustee's deed vests in the purchaser at the foreclosure sale the legal title of the owner. Grooms v. Mullett, 133 Mo. App. 481; Valentine v. Havener, 20 Mo. 135. But this title is subject to any prior liens. Grooms v. Mullett, 133 Mo. App. 481; Schmidt v. Smith, 57 Mo. 137; Scott v. Shy, 53 Mo. 481.

*Bryan, Williams & Cave* for respondent; *M. P. Murray* of counsel.

(1) This court is not concerned with whether the finding of the St. Louis Court of Appeals is right or wrong, but only with whether or not such finding is in conflict with any prior ruling of this court. State ex rel. Adam Roth Grocer Company v. Reynolds, 196 S. W. 1136; State ex rel. v. Farrington, 197 S. W. 912. (2) There is no prior holding of this court with which the finding of the St. Louis Court of Appeals is in any-

wise in conflict.  No one of the cases relied on by the relator passes on the point in question.  (3) On the contrary, such cases as there are in this State, so far as any are in point, are in absolute harmony with the holding of the St. Louis Court of Appeals.  Perkinson v. Meredith, 158 Mo. 464;   Jaicks v. Sullivan, 128 Mo. 177;   Forrey v. Holmes, 65 Mo. App. 114;   Smith v. Barrett, 41 Mo. App. 460;   St. Joseph ex rel. v. Baker, 113 Mo. App. 691; St. Joseph v. Baker, 86 Mo. App. 310; Eyermann v. Scollay, 16 Mo. App. 498; Smith v. Boese, 39 Mo. App. 15;  Lumber Co. v. Schafer, 251 Mo. 539.

WILLIAMS, J.—Relator, by this, an original proceeding in *certiorari,* seeks to quash, on the ground that it conflicts with controlling previous decisions of this court, an opinion of the St. Louis Court of Appeals in the case of Granite Bituminous Paving Company, Respondent, v. Parkview Realty & Improvement Company et al., Appellants.  The opinion of the St. Louis Court of Appeals is published in 199 Mo. App. 226.

The facts, stated in the opinion of the Court of Appeals, which are necessary to an understanding of the issue presently presented, may be summarized as follows:

On July 1, 1905, a special tax bill for street improvement work was duly issued by the City of St. Louis to the Granite Bituminous Paving Company (the contractor who performed the street improvement work). The tax bill was issued against a certain lot of ground in Block No. 3878 of said city, which lot had a frontage of 405.17 feet on Union Boulevard in said city.

At the time the work was performed and the tax bills therefor were issued said lot was owned by the Parkview Realty & Improvement Company, subject to two deeds of trust dated July 1, 1902, and August 1, 1902, respectively.  Said deeds of trust were executed to secure the payment of certain bonds.

Within two years from the maturity of said tax bill the Paving Company instituted suit to enforce its lien against said lot.  In that suit the Parkview Realty

& Improvement Company, and each of the trustees in the two deeds of trust above mentioned, were made parties defendant, but the beneficiaries under said deeds of trust were not made parties.

While said suit was pending, but after more than two years had elapsed since the date of the maturity of said tax bill, the above mentioned lot was sold under the two deeds of trust and the Nina Realty Company became the purchaser thereof. Thereafter by amended petition the Nina Realty Company was made defendant.

The case proceeded to trial and the circuit court entered judgment in favor of the Paving Company establishing and enforcing the lien of the tax bill against the interest of both the Parkview Realty & Improvement Company (the owner named in the tax bill) and the Nina Realty Company (the purchaser at the mortgage sale).

The Nina Realty Company thereupon took an appeal to the St. Louis Court of Appeals, which court, by a decision (now attacked for conflict), reversed the judgment of the circuit court.

The Court of Appeals in effect held that the beneficiaries in the two deeds of trust were "owners" within the meaning of the St. Louis Charter, and were necessary parties defendant to the suit which sought to enforce the lien of a special tax bill against their interest in said lot, and since said beneficiaries were not made defendants within two years from the maturity of said tax bill neither their interest nor that of their successor, the Nina Realty Company, was chargeable with the lien. The opinion reads in part as follows:

"Obviously, error lies in this judgment, for it involves and affirms the idea that one's rights may be concluded as though a valid claim existed against him or his property without having his day in court until long after such claim had become extinguished of its own force. By Section 25, Article VI, of the Charter, it is provided the tax bill shall become a lien upon the property charged therein and may be collected of the owner of the land and in the name of and by the contractor,

as any other claim, in any court of competent jurisdiction. From this, it appears that the lien is to be enforced against the land in the name of the owner thereof and, by subsequent provision of the same section, the lien of the tax bill, it is declared, 'shall be destroyed and of no effect against the land charged therewith,' unless proceedings shall have been commenced to collect the same within two years from the maturity of the bill and still be pending. Therefore, the proceedings must be commenced on the tax bill and against the owner of the land within such two-year period in order to preserve and establish the lien, or otherwise it is destroyed and extinguished perforce the very words that gave it life. The authorities are abundant and of one accord to the effect that the suit must be instituted against the owner within the two-year period prescribed, as will appear by reference to the following cases. . . . Considering the thought reflected throughout all of these authorities, it is obvious that the beneficiary in the deed of trust or mortgage is required to be made a party to the suit, for the reason that he is an owner, within the sense of that term as employed in the charter provision and as employed in the statute with respect to general taxes levied in behalf of the State. Some of the cases put the rule expressly on the ground that the beneficiary is an owner. [See Stafford v. Fizer, 82 Mo. 393; Gitchell v. Kreidler, 84 Mo. 472.] Furthermore, the Supreme Court, in the recent case of Morey Engineering Co. v. St. Louis Artificial Ice Co., 242 Mo. 241, 146 S. W. 1142, in construing the St. Louis Charter, declared the beneficiary in the deed of trust an owner within the sense of that term, to the end of raising the lien of the tax bill from the position of the junior, where it otherwise lay, to that of senior lien over a mortgage prior thereto in point of time. To the end of evincing that the charter contemplated the lien of the tax bill should prevail over the rights of a prior mortgage, the Supreme Court quoted from Section 25 of the charter as follows: 'Said tax bills shall be and become a lien upon the property charged therewith, and

may be collected of the owner of the land and in the name of and by the contractor as any other claim in any court of competent jurisdiction.' Touching the words thus quoted, the court says: 'Construed in the light of the case last cited, this means that the tax is a lien upon the property, to be enforced by a proceeding *in rem* against the property. And, as ruled above, the word "owner" includes incumbrancers.' If, then, the beneficiary in the deed of trust is to be regarded as an owner of the property for the purpose of postponing the lien of his prior mortgage to the lien of the subsequent tax bill, it would seem that he should be regarded as an owner in whose favor the requirement to institute suit within the two-year period, in order to preserve the lien, obtains. . . . From the views expressed above it follows that the interest of the *cestuis que trustent,* who were never made parties, remained unaffected by the proceeding herein. That interest has now passed to the Nina Realty Company, which corporation has acquired the fee simple title to the land through the foreclosure of the deed of trust. That defendant was not made a party to the suit until more than two years after the maturity of the tax bill, and hence the land in its hands is not chargeable with the lien thereof."

Much of the opinion is given over to a discussion of the difference between a lien for general taxes and a special tax lien, and the similarity of a mechanic's lien to that of a special tax lien, and from that discussion the court draws the conclusion that the rule making mortgagees unnecessary parties in a suit to foreclose a lien for state taxes is not applicable in a suit to foreclose a special tax lien, but that the rule making mortgagees necessary parties in establishing and foreclosing a mechanic's lien is applicable in a suit of this kind.

Relator contends that the opinion of the Court of Appeals conflicts with the following controlling opinions of this court, to-wit: Paxton v. Fix, 190 S. W. 328; Stafford v. Fizer, 82 Mo. 393; Rothenberger v. Garrett, 224 Mo. 191, l. c. 197; Keaton v. Jorndt, 259 Mo. l. c.

193-4-5; Allen v. McCabe, 93 Mo. 138; Gitchell v. Kreidler, 84 Mo. 472, which announce the rule that in order that title may pass at an execution sale under a judgment for general taxes it is not necessary that a *cestui que trust* should have been made a party defendant in the tax suit, but if not made a party such *cestui que trust* has the right to redeem from the purchaser at the sale; Talbot v. Roe, 171 Mo. l. c. 432, which applies the above rule to a sale under a vendor's lien judgment where the subsequent grantees of the vendor's vendee were not made parties defendant in the vendor's lien suit; Corrigan v. Bell, 73 Mo. 53; Olmstead v. Tarsney, 69 Mo. 396; Keating v. Craig, 73 Mo. l. c. 509, which hold that under the Kansas City Charter (providing that if any person interested in land sought to be charged with the payment of a special tax was not made defendant in the action to enforce the lien he should not be affected by a judgment therein or a sale thereunder but might redeem from the purchasers) a *cestui que trust* not made a party to the special tax bill suit had the right to redeem from the purchaser at such sale; Morey Engineering and Construction Co. v. St. Louis Artificial Ice Rink Company, 242 Mo. 241, holding that the lien of a special tax bill for street improvement issued under the St. Louis Charter is prior to the lien of a deed of trust which antedates the tax bill, and that the word "owner" in Section 25, Article 6, of said charter includes incumbrancers (In the above suit the *cestui que trust* was made party defendant); Jaicks v. Oppenheimer, 264 Mo. 693, which holds that a special tax bill issued under the Kansas City Charter is prior to the lien of all special tax bills which antedate the given tax bill; and Vance v. Corrigan, 78 Mo. 94, which holds that the word "owner" in the provision of the Kansas City Charter relating to suits to enforce special tax bills, includes the real owner, if known to the person bringing suit upon the tax bill, but if the real owner is not so known the charter provision is met by suing the record owner.

After a careful examination we have reached the conclusion that the opinion of the Court of Appeals does not conflict with the decisions above enumerated.

In this case the Court of Appeals were called upon to construe the St. Louis Charter, under which the special tax bills were issued. That Charter (Art. 6, sec. 25) provided that "said tax bills shall be and become a lien upon the property charged therewith and may be collected of the owner of the land and in the name of the contractor as any other claim in any court of competent jurisdiction;" the section further provides that unless proceedings shall have been commenced to collect the same within two years from the maturity of the tax bill and still be pending the lien of the tax bill "shall be destroyed and of no effect against the land charged therewith."

This court in the Morey Engineering Co. case, supra, had already held that the word "owner" in said charter included incumbrancers. The Court of Appeals was required to decide the further question, whether under said charter provision the lien of the special tax bill against the interest of an incumbrancer in said land was destroyed by a failure to make said incumbrancer or his successor in title a party defendant, within two years from the maturity of the tax bill, in a suit brought to collect the tax bill.

The Court of Appeals held that the lien of the special tax bill was destroyed as against the interest of the *cestuis que trustent* by reason of the failure to make them parties defendant within the two-year period prescribed by the charter.

We are unable to find where we have ever passed upon this question. Certainly not in the decisions above mentioned. We are not here concerned with the correctness or incorrectness of such holding, but are dealing merely with the question of conflict.

Finding no conflict in the opinion assailed it follows that our writ was improvidently granted and should be quashed.

It is so ordered. *Walker, Faris, Blair* and *Graves, JJ.,* concur; *Bond, C. J.,* concurs in result; *Woodson, J.,* not sitting.