O. L. HIDER, Appellant, v. LORAN L. SHARP.

Division Two, December 29, 1923.

TAX SALE: Instituted to Acquire Another's Land: Owner Not Party: Due Process. The owner of a quarter section had conveyed the south half and the ten adjoining acres of the north half to his wife, and she in turn conveyed to defendant. The remaining seventy acres he conveyed to Edwards, who in turn conveyed to plaintiff. The buildings and other improvements were located on the ten-acre strip, which for many years was used in connection with the south half, and Edwards made no claim to it. The north half (which included the ten-acre strip) was described on the tax book as one tract, and plaintiff permitted the taxes to become delinquent for the purpose, as he says, of "bringing about its sale and perfecting his title." Suit was brought for the delinquent taxes, the plaintiff, Edwards and others, none of whom had any claim to the

301 Mo.—40.

ten-acre strip, being named as defendants, and at the sheriff's sale the whole north half was sold and conveyed to plaintiff, who later brought this ejectment against defendant for said ten-acre tract, basing his title thereto on said sheriff's deed. At the trial the evidence disclosed that plaintiff and the officials who brought the tax suit well knew that none of the defendants in that suit had any claim of title to the ten acres, and that they well knew that the defendant in this suit was the owner. When informed that a judgment for taxes had been obtained against the ten acres, the present defendant, who was a non-resident, authorized his attorney to appear at the sale and protest against the same, and said attorney notified the sheriff, both in writing and by public declaration at the sale, that defendant was the owner of the ten-acre strip and that no suit had been brought against him to enforce the payment of taxes thereon, but the sheriff ignored the notice, and also the attorney's request that only the land belonging to plaintiff be subjected to sale. *Held*, first, to permit plaintiff to recover would be to deprive defendant of his property without due process of law; and, *second*, the entire proceeding, from the institution of the tax suit to the making of the deed to plaintiff by the sheriff, was not only irregular, but in defiance of that orderly procedure which should characterize an action affecting individual rights of whatever nature.

Appeal from Stone Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*T. J. Harper* and *Moore, Barrett & Moore* for appellant.

(1) The tax proceedings are regular. The deed was duly recorded, by virtue of which this plaintiff was vested with the title in fee, Sharp never acquiring a title by possession. R. S. 1919, sec. 12948; Watts v. Donnell, 80 Mo. 195. (2) Hider, Edwards and Barlow appeared of record as the owners of the northeast quarter. The suit was properly brought against them. Hilton v. Smith, 134 Mo. 499; Schnetger v. Rankin, 192 Mo. 35. (3) The collector did not know that Sharp was claiming title, nor

would any inquiry have disclosed same, for he admits that he abandoned this ten acres and moved away, and the case of Zweigart v. Reed, 221 Mo. 33, doesn't apply. Hider placed his tax deed on record. Sharp was present when the land was sold, had personal knowledge of same, did not pay the taxes, which entitled the State to a lien on this property. The judgment was proper, proceedings regular, and by same any interest defendant had was divested out of him. State ex rel. v. Elliott, 114 Mo. App. 562. (4) All necessary parties were made defendants in the tax proceedings. Plaintiff was the bona-fide purchaser, and should prevail in this action. State ex rel. v. Finn, 102 Mo. 222.

*Rufe Scott* and *G. W. Thornberry* for respondent.

(1) The respondent was not made a party defendant in the tax suit. His title to the ten acres was not affected by the sale under the tax proceedings. Even though the tax suit is brought against the apparent record owner, a purchaser at sheriff's sale gets no title where he has notice of an outstanding title in another. Wilcox v. Phillips, 260 Mo. 664; Stewart v. Ramsey, 196 Mo. 415; Gulley v. Waggoner, 255 Mo. 622; Keaton v. Jorndt, 259 Mo. 176. (2) Plaintiff and his agent knew the condition of the title to the land in question before the tax suit was brought. The agent had examined the records, and had actual knowledge of the defendant's possession and that of those under whom he claimed. Plaintiff cannot claim to be a bona-fide purchaser without notice, and the case of State ex rel. v. Finn, 102 Mo. 222, cited by appellant, is not in point. If the purchaser had such notice as would have placed a prudent man upon inquiry as to the facts, and such inquiry would have revealed the fact that the real owner had not been sued, then he would be in the same position as if he had actual knowledge of the fact. In fact, such would be construed in a court of equity to be actual notice. Zweigart v. Reed, 221 Mo. 33; Stewart v. Ramsey, 196 Mo. 404. (3) Ap-

pellant could gain no interest or title by virtue of the tax sale which was not vested in the defendants in the tax suit. Judgment and sale to enforce State's lien for taxes binds only those who are made parties to the action. Stafford v. Fizer, 82 Mo. 393; Gitchnell v. Messmer, 87 Mo. 131; Keaton v. Jorndt, 259 Mo. 179.

WALKER, J.—This is an action in ejectment. As brought it was sought to recover 160 acres of land in Stone County, described according to government subdivisions as the northeast quarter of Section 2, Township 23, Range 23, west. The petition was in the conventional form. The answer disclaimed possession or ownership of any of the land, except ten acres which consisted of a rectangular strip extending east and west across the tract, the north line of same being the south line of the north half of the quarter section. Differently described the strip constituted a part of the south half of the quarter section. Upon this strip the issue as to the ownership was framed. The case was tried before the court, a jury having been waived, resulting in a finding and judgment for the defendant, from which the plaintiff has appealed.

The plaintiff claims title under a tax deed made to him by the Sheriff of Stone County, October, 1918, to satisfy a bill for unpaid taxes on the entire northeast quarter in the sum of $34.48 for the years 1915 and 1916. Of this more will be said later as disclosed by the testimony.

The defendant claims title to the ten-acre strip through mesne conveyances, beginning with the deed of Daniel L. Barlow, the patentee. Daniel L. Barlow was the common source of title. Under a patent issued to him as a homestead entry in 1892, he acquired the ownership of the south half of the northeast quarter—usually designated as Lot 1 of the northeast quarter—and the north half of the southeast quarter, consisting of 160 acres, all in Section 2, Township 23, Range 23, west, Stone County. He took possession of the land, erected improve-

ments thereon and made it his home.  In 1893 he and his wife sold and conveyed seventy acres of the south half of the northeast quarter to Joseph E. Edwards, retaining title to the ten-acre strip, which constituted a part of the south half of the northeast quarter, on which the buildings and other improvements were located.  At about the same time he conveyed to his wife, Susannah Barlow, the ten-acre strip and the north half of the southeast quarter, or in all, ninety acres, reserving the use of same during his life.  Upon his death his widow sold and conveyed the ninety acres to John W. Stultz, who conveyed it to J. W. Nunnelby, who conveyed it to R. H. Sharp, the father of the defendant, but later Nunnelby made another conveyance to the defendant.

The plaintiff acquired title in 1910, by a deed from Joseph E. Edwards, to that portion of the south half of the northeast quarter lying north of the ten-acre strip. The deed does not otherwise indicate, and there is no contention either on the part of the plaintiff or the agent he employed to assist him in securing a color of title, that Edwards made any claim to any portion of the land other than the seventy acres conveyed to the plaintiff.  The latter was a non-resident and had been buying land in Stone County through a representative who styled himself plaintiff's agent.  Plaintiff's activities, personal and through his agent, indicate that he was desirous of securing a color of title to the ten-acre strip.  He permitted the land he had bought from Edwards, which it seems was described on the tax books as the south half of the northeast quarter, to become delinquent for the purpose, as he states, of "bringing about its sale for taxes and strengthening his title."  How this procedure would accomplish that result, so far as his title to the seventy acres was concerned, is not explained, nor is it capable of explanation, except upon the theory that a sale of the entire tract, which would include his seventy acres and the ten acres belonging to the defendant, would give him a color of title to the ten acres on the face of the tax deed.  Suit was therefore brought to subject the land to

sale for taxes for the years 1915 and 1916 in the sum of $34.48, the major portion of which was chargeable to the plaintiff who owned seven-eighths of the tract. That his delinquency was not due to omission or inadvertence is evident from his own testimony. The officials charged with the enforcement of the back-tax laws, however diligent their conduct may have been in enforcing the State's lien for the dignified sum of $34.48, confined their activities to naming the plaintiff, Olof L. Hider, Daniel L. Barlow, Joseph E. Edwards and one George G. Fancher as defendants. None of these parties had any claim of title to the ten acres, and put to the tests of interrogation at the trial it was disclosed that the plaintiff, as well as the officials who brought the tax suit, was well aware of this fact, as well as of the defendant's claim of ownership. To hold that an actual owner may be divested of his title in a proceeding of this character would be flying in the face of that familiar provision of the national as well as the State Constitution, that no one shall be deprived of his property, except by due process of law. By which we mean the law of the land in the regular course of administration through the courts. [Wilcox v. Phillips, 260 Mo. 664.] It can scarcely be said that one has been accorded that due process contemplated who, in an action brought affecting his rights to property, is not made a party to the proceeding or in other words has not been given his day in court.

When informed that a judgment for taxes had obtained against his land the defendant authorized an attorney to appear at the sale and protest against the same. This was done, and not only was the sheriff notified in writing, but by public declaration made by the attorney to him and the assembled bidders, of the defendant's ownership of the ten-acre tract, and that no action had been brought against him to enforce the payment of taxes thereon.

The sheriff ignored the notice as well as the request made by the attorney that only the land belonging to the plaintiff, who had been served with process, be subjected

to sale, and proceeded to sell the entire tract, which was purchased by the plaintiff and a deed made to him by the sheriff.

This entire proceeding from the institution of the tax suit to the making of the deed to the plaintiff by the sheriff, was not only irregular, but in defiance of that orderly procedure which should characterize an action affecting individual rights of whatever nature. The trial court with discriminating judgment correctly found for the defendant, and its judgment is affirmed. All concur.