EDWARDS LAND & TIMBER COMPANY, a Corporation, Appellants, v. L. A. RICHARDS, JR., and F. L. STEEL.

L. A. RICHARDS, JR., and F. L. STEEL v. ALVIN T. EARLS, WALTER S. EDWARDS, JESSIE SITTNER, and A. J. SITTNER, Appellants.—163 S. W. (2d) 581.

Division One, June 3, 1942.

Rehearing Denied, July 1, 1942.

*Edward F. Sharp* for appellants.

*Henry C. Riley* for respondents.

GANTT, J.—The first suit included in this, record is an action by the Edwards Land & Timber Company v. Richards & Steel to redeem the land described in the petition, which land had been sold under a judgment for drainage taxes.

The second suit included in this record is an action by Richards & Steel v. Earls et al.; for rent alleged to be due from Earls et al., for the occupation and use of the land. Plaintiff in the first suit, Edwards Land & Timber Company, intervened in the second suit, alleging ownership of the land.

By consent, the cases were consolidated in the trial court and ruled as one case. In the first suit redemption was denied and judgment was for the defendants. In the second suit judgment also was for Richards & Steel (plaintiffs therein), defendants in the suit to redeem the described real estate from the tax sale. Plaintiff, Edwards Land & Timber Company in the first suit, and intervener, Edwards Land & Timber Company in the second suit, appealed.

In a suit to quiet title to this land, Richards et al. v. Earls et al., 345 Mo. 260, 133 S. W. (2d) 381, we affirmed the judgment of the trial court, which ruled that plaintiffs in that case had title under the judgment and sale for taxes. The pleadings, process, proceedings, practice and sales, in actions to collect drainage taxes were, at all times, herein mentioned, the same as in an action for the collection of delinquent general taxes upon real estate, except as otherwise provided in the drainage district law. [Sec. 10765, R. S. 1929.] Section 9953, R. S. 1929, with reference to actions for the collection of delinquent general taxes on real estate, then provided that such actions be "against the owner of the property, if known, and if not known, then against the last owner of record as shown by the county or city records at the time the suit was brought; . . . and all notices and process in suits under this chapter shall be sued out and served in the same manner as in civil actions in circuit courts; and in case of suits against nonresident, unknown parties, or other owners on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. . . ." In the last mentioned case, on appeal in this court, the defendants, Earls et al., for the first time, sought to redeem if we ruled that Richards et al., had title to the land under the tax sale. We so ruled, but further ruled that the question of the equitable right to redeem was not within

the pleadings, and, for that reason, we did not rule said question. In other words, we expressly stated that the equitable right of redemption by the person or company claiming title under a foreclosure of the deed of trust on the land, where the holder of the note secured by the deed of trust was not expressly named as a defendant in the proceedings for foreclosure of the tax lien, was neither considered nor ruled, because not within the issues made by the pleadings. No motion was filed here, on that case to modify our opinion or to ask for remand with leave to amend the pleadings to raise such an issue. [Hurt v. Edwards, 347 Mo. 667, 148 S. W. (2d) 542, 543.] The instant action by Edwards Land and Timber Company to redeem is apparently the result of our ruling in Richards et al. v. Earls et al., supra. In the petition in the instant action the plaintiff, Edwards Land & Timber Company (successor in interest to defendants in the prior suit), offers to pay into court the tax for which the land was sold with all costs and other legal expenses, and seeks to litigate in this case an issue which its grantors did not plead or present when named as defendants in the prior suit to quiet and determine title to the tract in controversy. One of the defenses interposed here is that of estoppel by the prior judgment in the quiet title suit, which quieted and determined legal title in Richards and Steel. Defendants here further alleged that "plaintiff should not be permitted to prosecute this suit to redeem said land by reason of the decision and judgment aforesaid," and expressly denied plaintiff's right to redeem.

The facts are not in dispute, and a full statement of the same will be found in the opinion in the last mentioned case. In the opinion in this case we use, without quoting, some of the facts therein stated as follows:

The Himmelberger-Harrison Land and Investment Company (hereinafter referred to as the Investment Company) is the common source of title. Plaintiffs claim title as follows: (1) on August 15, 1927, the Investment Company conveyed by warranty deed to Samuel J. Ault, (2) On the same date. Ault executed a deed of trust to Edward J. Bauerle as trustee for the Investment Company. This deed of trust secured the payment of a note for $5,330 due ten years after date. The warranty deed was recorded September 28, 1927, and the deed of trust September 16, 1927. (3) On May 22, 1933, the sheriff of New Madrid county executed a drainage tax deed to R. P. Smith. The basis of this deed was a judgment establishing the lien of drainage taxes against the lands in question and rendered in favor of the Little River Drainage District against Samuel J. Ault, Edward J. Bauerle, trustee and the Investment Company for delinquent drainage taxes for 1928, 1929, and 1930. The defendants in the tax suit were the record owners at the time the suit was instituted and at the time of the sale. All of said defendants were duly served with process; defendant Samuel J. Ault by publication, Edward J. Bauerle, trustee

by personal service, and the Investment Company by service upon its secretary, one Charles Hutson. No objection was raised to the form of the judgment or proceeding upon which it was based. (4) On January 21, 1935, R. P. Smith, the purchaser at the tax sale, and his wife executed a quitclaim deed to the Little River Drainage District. This deed and the tax deed to Smith were filed for record December 3, 1935. (5) On May 22, 1936, the Little River Drainage District executed a quitclaim deed to plaintiffs L. A. Richards and Francis A. Steel. This deed was recorded June 2, 1936. Each and every one of said deeds is in due form, regular on its face, described the lands in question, and was duly recorded in the land records of New Madrid County, Missouri.

The claim of the Edwards Land and Timber Company arises as follows: On September 16, 1927, the said $5,330 Ault note, secured by the deed of trust as hereinbefore referred to, was endorsed and delivered by the Investment Company to the Himmelberger-Harrison Lumber Company (hereinafter referred to as Lumber Company). The Lumber Company retained ownership until March 5, 1936. The Lumber Company was not a defendant in suit to foreclose the lien of the drainage taxes and its ownership of the note did not appear of record. On March 5, 1936, and before the maturity of the principal of the note, the Lumber Company, for $100, transferred the said note to Edwards. Edwards, with knowledge of the foreclosure of the tax lien, acted for himself and Earls. They were "jointly interested." Edwards thereafter caused the deed of trust securing the said note to be foreclosed, and on September 12, 1936, S. J. Harris, sheriff, as substitute trustee, under the said Ault deed of trust, executed and delivered a substitute trustee's deed to said lands to Earls. This deed was recorded September 12, 1936. Since that date, Earls has, with the consent of Edwards, conveyed the real estate to the Edwards Land and Timber Company, appellant herein.

In the case of Richards et al. v. Earls et al., supra, plaintiffs therein (defendants in the first suit of this record), brought an action at law under Sec. 1520, R. S. 1929, Mo. Stat. Ann., sec. 1520, p. 1682 (now Sec. 1684, R. S. 1939), to quiet and determine the title to the described lands. Plaintiffs alleged that they were the owners in fee simple of said lands and charged that "the defendants (Earls and Edwards) claim some right, title, claim, interest or estate in and to said land and that such claims are adverse and prejudicial to the plaintiffs." The rights, title, claims, interests, or estates claimed by defendants were not further described. It was further alleged that defendants were in possession, but that plaintiffs were entitled to possession. Defendants therein, who are the grantors of the Edwards Land and Timber Company (appellant herein), filed an answer admitting that they claimed title to described premises; alleged that they were in possession thereof; that Alvin T. Earls was the owner in

fee simple of the premises, and asked the court to decree fee simple title to the premises to be in said defendants. In support of their claim of legal title in fee simple they offered substantially the same evidence upon which appellant now relies to establish its right to redeem from the tax sale.

There were no allegations in the said answer or cross-action to indicate that the said defendants had or claimed any equitable right of redemption in the premises by reason of the fact that the Lumber Company (the owner and holder of the Ault note secured by the deed of trust, supra, at the time of the foreclosure of lien for drainage taxes) was not made a party defendant in the proceeding to foreclose the tax lien. They set up no such defense and claimed no equitable interest. Instead they claimed the legal title and ownership in fee simple. The defense, which was not interposed to the quiet title suit, is the basis of the first suit in this record to redeem from the tax sale.

Plaintiff, Edwards Land and Timber Company, here contends that its right to redeem was not foreclosed by the tax judgment. It directs attention to the absence of a statute requiring the transfer of a negotiable note, secured by a deed of trust, to be registered in the recorder's office of the county in which the land is located. From this it argues that, absent such a statute, an action against the record owners of the land to collect taxes and service of notice of the action on the record owners is not notice to the assignee of a note secured by a recorded deed of trust on the land, and for that reason the right of the assignee to redeem is not foreclosed by a judgment and sale of the land for taxes. In support of the contention, it cites cases as follows: Stafford v. Fizer, 82 Mo. l. c. 399; Allen v. McCabe, 93 Mo. 138, l. c. 144, 6 S. W. 62; Boatmen's Savings Bank v. Grewe, 84 Mo. 477, l. c. 478; Giraldin v. Howard, 103 Mo. 40, l. c. 45, 15 S. W. 383; Landau v. Cottrill, 159 Mo. 308, 315, 60 S. W. 64; State ex rel. Granite Bituminous Paving Company v. Reynolds, 278 Mo. 560, 213 S. W. 68, 69; Barrie v. Whitton (Mo.), 13 S. W. (2d) 42, 47; Hider v. Sharp, 301 Mo. 625, 257 S. W. 112, 113; Little River Drainage District v. Sheppard (Mo.), 7 S. W. (2d) 1013, 1014; Missouri Real Estate & Loan Company v. Gibson et al., 282 Mo. 75, 220 S. W. 675, 677; Bell v. Ham, 188 Mo. App. 71, 173 S. W. 744; Williams v. Hudson, 93 Mo. 524, 527, 528, 529, 6 S. W. 261; Taff v. Tallman, 277 Mo. 157, 163, 209 S. W. 868; Hilton v. Smith, 134 Mo. 499, 507, 33 S. W. 464, 35 S. W. 1137; Zweigert v. Reed, 221 Mo. 33, 45, 119 S. W. 960; Keaton v. Jorndt, 259 Mo. 179, 168 S. W. 734, l. c. 737; Stuart v. Ramsey, 196 Mo. 404, l. c. 417, 95 S. W. 382; Morey Engineering & Construction Company v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, l. c. 253, 146 S. W. 1142; Adams v. Gossom, 228 Mo. 566, 129 S. W. 16; Perkinson v. Meredith, 158 Mo. 457, 59 S. W. 1099.

The chief defense urged on this appeal is that Himmelberger-Harrison Lumber Company was concluded by the judgment and sale foreclosing the lien of drainage taxes and that plaintiff (as its successor in interest) may not redeem from the said tax sale. A second defense, shown by the answer, is that Earls and Edwards were bound and concluded by the judgment, which quieted and determined the legal title in the premises in Richards and Steel, and that appellant (as successor in interest to Earls and Edwards) may not now claim an equitable right of redemption which Earls and Edwards did not claim or set up in said prior suit.

 However, respondents in their brief in this court, in effect, concede that the question of the right of the Edwards Land and Timber Company to redeem (in equity) the described lands from the drainage tax sale was not determined by the judgment in the prior suit quieting and determining the legal title in fee simple in Richards and Steel. In effect, respondents concede the prior judgment was not res adjudicata on this issue. Apparently the cause was tried below on the theory that the prior judgment was not conclusive on the unpresented issue of the equitable right of redemption. The trial court found that the Edwards Land and Timber Company had no right to redeem from the drainage tax sale. Therefore, without ruling upon or considering whether said prior judgment was in fact res adjudicata on the issue of the equitable right of redemption because such issue was within the issues tendered by the petition in the prior case (so as to be barred unless presented) and so as to be necessarily determined by the judgment, whether presented or not, we will review the cause on appeal upon the theory upon which it was apparently tried below and is here presented.

 The cited cases, supra, do not sustain the contention of the appellant. They rule that a dead man cannot be sued; that a purchaser at a tax sale, with knowledge of a claim of title by another under adverse possession, has title subject to the claim of such person; that the tax authorities knew that the record owner was not the actual owner; and that the purchaser at the tax sale had knowledge of an outstanding title not of record.

We do not understand the appellant to contend that those cases rule the question. No doubt they are cited with the idea that they may aid the court in determining the question presented by the appellant. The question has not been ruled in this State. Furthermore, we do not find that it has been ruled in other jurisdictions. In some states, the transfer of a negotiable note secured by a deed of trust is required to be recorded in the recorder's office. One purpose may be to expose the note for taxation. In this State only instruments in writing conveying real estate must be recorded in the recorder's office of the county in which the real estate is situated. [Sec. 3039, R. S. 1929.] Any instrument of conveyance not so recorded is invalid

except between the parties thereto, and such as have actual notice thereof. [Sec. 3041, R. S. 1929.] These statutes do not prevent the recording of a transfer of the deed of trust, if the holder of the note desires the record to show his ownership. [Secs. 3401 & 13161, R. S. 1939.]

In the instant case there is no evidence tending to show that either the collector or the purchaser at the tax sale had knowledge of the transfer of the note by the original record owner. Furthermore, there is no evidence tending to show that either the collector or the purchaser at the tax sale were put upon inquiry as to an assignment of the note by any fact or circumstance. In this situation, if the taxes were to be collected, the collector could sue only the record owners of the land, and the payee in the note secured by the recorded deed of trust was such a record owner. [See, Morgan v. Willman, 318 Mo. 151, 168, 1 S. W. (2d) 193, 200.] The assignee of the note knew that the land must be taxed to support the government. It also knew that unless the collector was notified of the assignment, he would be compelled to sue the trustee and beneficiary named in the recorded deed of trust. Even so, plaintiff further argues that in this situation the assignee should have been notified by publication to the unknown owner or owners of the note. We do not think the collector should have notified the assignee by publication under the facts of this case. In order to do so, he must know, or verily believe, that there are persons interested in or who claim to be interested in the land, who are unknown to him. The evidence shows that he was absolutely without knowledge of any fact or circumstance tending to show that the note had been assigned. It must be understood that the collector would be required to make oath as to the interest of unknown persons. [Sec. 745, R. S. 1929.] He could not do so without some information or belief that it had been transferred. Under the facts in this case, we rule that it was sufficient, under Secs. 10765 and 9953, R. S. 1929, to name the record owners of the land in question, including the parties to the deed of trust, ▆▆▆ as shown by the record. The unknown assignee of the note was concluded by the judgment and sale for drainage taxes and appellant is likewise concluded thereby.

The judgments in both cases are affirmed. All concur.